TUCKER ELLIS LLP
Matthew A. Boyd (admitted pro hac vice)
matthew.boyd@tuckerellis.com
Ndubisi A. Ezeolu (Bar No. 256834)
ndubisi.ezeolu@tuckerellis.com
515 South Flower Street, Forty-Second Floor
Los Angeles, CA 90071
Tel: 213.430.3400
Fax: 213.430.3409

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (pro hac vice forthcoming)
alexspiro@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, New York 10016
Tel: 212 849 7000
Fax: 212 849 7100

Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
Mari F. Henderson (Bar No. 307693)
marihenderson@quinnemanuel.com
Alex Bergjans (Bar No. 302830)
alexbergjans@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Tel: 213 443 3000
Fax: 213 443 3100

*Attorneys for Defendants*
*[Additional counsel listed on signature page]*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| DEREK DIXON, an individual | Case No. 2:25-cv-09112 |
| Plaintiff, | **JOINT STATEMENT RE: LOCAL RULE 7-3 CONFERENCE OF COUNSEL PRIOR TO FILING MOTIONS TO DISMISS** |
| v. | |
| TYLER PERRY, an individual; TPS PRODUCTION SERVICES, LLC, a Limited Liability Company; AND ACTION, LLC, a Limited Liability Company; and DOES 1 through 50, inclusive | Judge: Hon. John F. Walter<br>Courtroom: 7A |
| Defendants. | |

JOINT STATEMENT

**JOINT STATEMENT**

Counsel for Plaintiff Derek Dixon, and counsel for Defendants Tyler Perry, TPS Production Services, LLC, and And Action, LLC (collectively, "Defendants" and, with Plaintiff, the "Parties") hereby submit this joint statement regarding the Local Rule 7-3 Conference of Counsel before the refiling of Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), 28 U.S.C. §§ 1406(a), 1404(a), and the doctrine of *forum non conveniens*, or alternatively, to transfer this action to the U.S. District Court for the Northern District of Georgia and Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted (collectively, "Defendants' Motions") and the contemplated filing of Plaintiff's Motion to Remand ("Plaintiff's Motion").

Counsel for the Parties met and conferred on October 16 and October 20, 2025 for approximately 45 minutes to discuss the substance of Defendants' Motions and Plaintiff's Motion and any potential resolution of the Defendants' Motions and Plaintiff's Motion. Lead Counsel Jonathan J. Delshad participated on behalf of Plaintiff; Lead Counsel Matthew Boyd participated on behalf of Defendants, as did co-counsel Alex Bergjans. Lead Counsel Matthew Boyd was not located in the Central District of California, and therefore the conferences took place via video conference (Zoom).

**The Parties' Meet and Confer on Defendants' Motions to Dismiss:**

Defendants initially filed and served Plaintiff with (1) a Motion to Dismiss or, in the alternative, to Transfer pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3). 28 U.S.C. §§ 1406(a), 1404(a), and the doctrine of *forum non conveniens* and (2) a Motion to Dismiss for Failure to State Claims pursuant to 12(b)(6) on October 1, 2025.

Defendants' counsel informed Plaintiff's counsel that absent any stipulation or agreement during the meet and confer that Defendants intended to re-file their motions, which asserted that (1) the Court lacks general jurisdiction over Defendants who are not California residents or citizens; (2) ; the Court lacks specific jurisdiction

because Plaintiff's claims do not arise out of or relate to any of Defendants' contacts with California; (3) Plaintiff signed binding forum selection clauses requiring any dispute be litigated in Georgia; (4) Plaintiff cannot assert claims under California law because his alleged injuries arose outside of the state and California does not enforce its laws extraterritorially; (6) Plaintiffs' claims are barred by Georgia's two year statute of limitations; and (6) Plaintiffs' common law claims are preempted by Workers Compensation.  Defendants provided Plaintiff's counsel, through the previously filed motions, all factual and legal grounds in support of the requested relief.

Plaintiff's counsel acknowledged that he received and reviewed the Motions and indicated that he would oppose them on the grounds that Defendants statements about their lack of both specific and general jurisdiction in California were factually inaccurate.

**Plaintiff's Position:** Plaintiff contends that at the end of his employment with Defendants, Plaintiff living in California and working for Defendant mostly from California. Plaintiff employment with Defendant was constructively terminated while in California. Plaintiff engaged in protected activity, and was retaliated against by Defendant while employed by Defendants in California.  Plaintiff's counsel explained that although filming was done in Georgia, no other part of Mr. Dixon's work was performed in Georgia.  An actor's job duties is not limited to "filming" alone, and no law states that "the location of filming" determines venue.  Plaintiff's counsel also explained that during those last years, Mr. Dixon spent more time working (preparing, writing and practicing lines) in California than he did filming in Georgia. Additionally, Defendants understood Plaintiff had moved to California and was living and working there at the time of his termination as they would send scripts to his home in California.  Thus, California law should be applied and California is the correct venue when, as here, the termination and harassment continued to happen in California.  Further any acts in Georgia would simply be part of a "continuing

violation" which ended in California. *Richards v. CH2M Hill, Inc.* (2001) 26 Cal.4th 798, 823 (Conduct may constitute a continuing violation if the employer's unlawful actions are "(1) sufficiently similar in kind . . . (2) have occurred with reasonable frequency; (3) and have not acquired a degree of permanence.")

**Defendants' Position:** Plaintiff did not move to California until 2023—*after* Plaintiff filmed every season of *The Oval* in which he appeared, four years after he and Mr. Perry met, and nearly two years after the last alleged assault. Compl., ¶¶ 43, 50-52, 135-44. Counsel's contention that Plaintiff spent more time preparing, writing, and practicing lines in California than he did filming in Georgia appears nowhere in the Complaint, which acknowledges that Plaintiff was a Georgia resident when he worked for Defendants.

**Plaintiff's Position**: Further Plaintiff's counsel expressed that the actions taken by Defendants against Plaintiff were directed at Plaintiff while he was living in California.

Lastly Plaintiff's counsel expressed that he disputes that Defendants do not conduct extensive business in California. As mentioned above, Defendants employed California employees, Mr. Perry owns a home in California which he frequently visits and holds meeting and parties for his business endeavors, among other things. Mr. Perry is known to have contracts and produced series for Netflix, a California Corporation headquartered in Los Gatos, CA through and by his legal entities and that Defendant produced films and TV Series for Californian entities, Banks extensively in California, among other things.

**Defendants' Position:** Defendants disagreed that these alleged facts established either general or specific jurisdiction. *Dangoor v. Peterson's Stampede Dodge Chrysler Jeep, LLC*, 2019 WL 6357252, at *3 (C.D. Cal. Aug. 8, 2019) (holding "that Plaintiff happened to be a resident of California and happened to be located in California when Defendants called him is insufficient to establish specific jurisdiction"). Plaintiff argued that here the specific jurisdiction is based on much

more than just a phone call, but repeated directed actions toward Mr. Dixon in California. Defendants note that the Complaint indicates otherwise. The Complaint alleges misconduct in Georgia and the Bahamas. Compl. ¶¶ 65-69, 81, 85, 89-91, 100, 115-20, 123-26, 133, 135-44. It alleges no purported harassment or personal interactions in California; only that Plaintiff received certain texts and had phone conversations—which he alleges were harassing—when he happened to be in the state. *Id*. ¶¶ 171, 175-76, 178-79, 185.

The parties also discussed Defendants' alternative argument that the action should be dismissed or transferred because Plaintiff executed contracts with Defendants that contain a mandatory Georgia forum selection clause:

> (2) Other Matters: Any Dispute or portion thereof, or any claim for a particular form of relief (not otherwise precluded by any other provision of this Agreement), that may not be arbitrated pursuant to applicable state or federal law may be heard only in a court of competent jurisdiction in Fulton County applying Georgia law without regard to its choice of laws principles.

**Plaintiff's Position:** Plaintiff's counsel stated that he believed the forum selection clause is unenforceable and not applicable, among other reasons because (1) the alleged forum selection clause, even if interpreted as one, is unenforceable according to California law due to the resulting wavier of FEHA claims and also due to California Labor Code §925; (2) the forum selection clause is ambiguous and must be construed against Defendant, and (3) Defendants have already consented to venue in this court and have waived a change in venue.

**Defendants' Position:** Defendants' counsel disagreed: (1) the forum selection clause is enforceable in this action, it does not effect a waiver of FEHA claims, Plaintiff was not—and does not allege—he was employed in California so FEHA does not apply; (2) the forum selection clause is unambiguous; and (3) Defendants have not consented to venue in this Court through removal.

Despite a good faith effort to resolve their disputes, guided by the Motions themselves, the parties were unable to reach any agreement. Defendants' counsel informed Plaintiff's counsel that Defendants intended to refile their Motions.

**The Parties' Meet and Confer on Plaintiff's Motion for Remand:**

**Plaintiff's Position**: Plaintiff's counsel informed Defendants' counsel that Plaintiff intended to file a motion to remand the action back to California Superior Court on the grounds that un-served Defendant And Action did not properly consent to removal and does not appropriately establish diversity of all parties to the Plaintiff by failing to plausibly establishing citizenship of all parties. Defendant's declarations failed to properly establish through admissible testimony that the citizenships of And Action and Plaintiff are diverse.

**Defendant's Position:** Counsel for Defendants explained that Defendants properly established that And Action was a citizen of Georgia through the accompanying Declaration of Robyne Gordon. ECF No. 1-4 ¶ 5. The Declaration and Notice of Removal also established that And Action did consent to and join the removal. And even if And Action had not consented or its consent was in any way defective—Plaintiff did not articulate any basis that it was—it is irrelevant because Plaintiff had not served And Action at the time of removal, and thus its consent was not required. *See* 28 U.S.C. § 1446 ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action.").

The Parties engaged in discussion of these issues. Counsel for Defendants responded to questions posed by counsel for the Plaintiff, and counsel for the Plaintiff responded to questions posed by counsel for Defendants. Counsel for the Parties were unable to resolve the issues.

The Defendants' position is that this case was properly removed and should be dismissed or, alternatively, transferred to the Northern District of Georgia.

Plaintiff maintains this case should be remanded to the State court. If not, the case should not be transferred or dismissed and should remain in this Court.

Dated: October 20, 2025    **LAW OFFICES OF JONATHAN J. DELSHAD**

By: */s/ Jonathan J. Delshad*
Jonathan J. Delshad (SBN 246176)
jdelshad@delshadlegal.com
1663 Sawtelle Blvd., Ste 220
Los Angeles, CA 90025
Tel: (424) 255-8376
Fax: (424) 256-7899
*Attorneys for Plaintiff*

Dated: October 20, 2025    **TUCKER ELLIS, LLP**

By: */s/ Matthew A. Boyd*
Matthew A. Boyd (admitted *pro hac vice*)
matthew.boyd@tuckerellis.com
Ndubisi A. Ezeolu (Bar No. 256834)
ndubisi.ezeolu@tuckerellis.com
515 South Flower Street, Forty-Second Floor
Los Angeles, CA 90071
Tel: 213.430.3400
Fax: 213.430.3409
*Attorneys for Defendants*

**DECLARATION REGARDING CONCURRENCE**

Pursuant to Local Rule 5-4.3.4(a)(2), the undersigned hereby attests that counsel for Plaintiff Derek Dixon has concurred in the filing of this document.

Dated: October 20, 2025

**TUCKER ELLIS, LLP**

By: */s/ Matthew A. Boyd*
Matthew A. Boyd (admitted *pro hac vice*)
matthew.boyd@tuckerellis.com
Ndubisi A. Ezeolu (Bar No. 256834)
ndubisi.ezeolu@tuckerellis.com
515 South Flower Street,
Forty-Second Floor
Los Angeles, CA 90071
Tel: 213.430.3400
Fax: 213.430.3409

*Attorneys for Defendants*