# Exhibit "B"

DocuSign Envelope ID: 098FDBA7-91EE-45AA-8815-30E9580E1DA0



**SAG-AFTRA 2017 NEW MEDIA PRINCIPAL PERFORMER CONTRACT**

This Agreement covers the employment of the covered Performer by Producer in a made for New Media program.
*Performer:* Please retain a copy of this contract for your records/proof of employment.

Date: November 18, 2019

**1. PARTIES:**

| "Producer" | "Performer" |
|---|---|
| Name/Company (Employer): And Action LLC | Name: Derek Alexander Dixon |
| Address: 541 10th Street #172, Atlanta, GA 30318 | Social Security #: ___ |
| | Address (for all notices and payment): Atlanta, GA 30309 |
| | ☐ Check here if the above is Agent Address |
| Contact Numbers (Telephone/Fax/Mobile): | Contact Numbers (Home Phone/Message Service/Mobile): |
| Home/Office: ___ | Home: ___ |
| Mobile: ___ | Messaging Service/Mobile: ___ |
| Fax: ___ | Email: ___ |
| Email: ___ | Other: ___ |
| Other: ___ | |

**2. DEAL TERMS:**

**A. New Media Program Title:** "Ruthless" Ep.106 "Lost"

**B. Performer's Role:** (#39) DALE

**C. Exhibition URL(s) and Services:** ___

**D. Date(s) of Performer Services:** November 18, 2019

**E. Compensation:** Producer shall make contributions to the Screen Actors Guild Pension and Health Plans at the current rates specified in the Basic Agreement for all compensation paid to Performer. Performer compensation must be paid in accordance with the minimums set forth within the SAG-AFTRA New Media Agreement executed to cover the Program noted in 2(A) above. Performer compensation shall be the following (Please attach a rider if additional space is needed to describe the deal terms.):

$_____ per eight (8) hour day and (note any additional negotiated compensation below):

Overtime shall be paid per the terms set forth in Section 2: Compensation and Section 4: Addition Provisions; Right to Monitor of the SAG-AFTRA New Media Agreement executed to cover the Program noted in 2(A) above.

3. **AGREEMENTS:** All provisions of the collective bargaining agreement between SAG-AFTRA and Producer relating to New Media programs shall be deemed incorporated into this Agreement. "Basic Agreement" means the current Producer-Screen Actors Guild Codified Basic and Television Agreements.

4. **ARBITRATION:** Disputes regarding the interpretation, application or alleged violation of this Agreement will be submitted to binding arbitration in California under the procedure in the applicable SAG-AFTRA New Media Agreement.

On behalf of Producer/Company: [signature]
SIGNATURE

Performer: [DocuSigned by: signature / 884EE342C66D4A6...]
SIGNATURE

**Performer may not waive any provision of this contract without the written consent of SAG-AFTRA.**

# ADDENDUM TO
## SCREEN ACTORS GUILD – AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS 2017 NEW MEDIA PRINCIPAL PERFORMER CONTRACT

### PRODUCER'S STANDARD TERMS & CONDITIONS

This Addendum is attached to and made a part of that certain Screen Actors Guild ("SAG") – American Federation of Television and Radio Artists ("AFTRA") 2017 New Media Principal Performer Contract (collectively, the "Agreement") dated as of November 18, 2019 between And Action LLC ("Producer") and Derek Alexander Dixon ("Performer") in connection with Performer's services in the role of "DALE" (the "Role") in the television series currently entitled "Ruthless" (the "Series"). For good and valuable consideration (the receipt and sufficiency of which are hereby acknowledged), the parties do hereby further agree as follows:



DocuSign Envelope ID: 095-D6A-0911-25-JFW-SK-958D-1A1



M.  General.  In the event that there is any conflict between any provision of the Agreement or these standard terms and conditions and any statute, law, regulation, or any applicable provision of the applicable collective bargaining agreement (if any) between Producer and the labor organization controlling with respect hereto, the latter shall prevail; provided, however, that in such event the provision hereof is so affected shall be curtailed and limited only to the minimum extent necessary to permit compliance with the minimum requirement, and no other provision hereof shall be affected thereby and all other provisions hereof shall continue in full force and effect. This Agreement contains the full and complete understanding between the parties, replaces and supersedes all prior and contemporaneous written or oral agreements and understandings pertaining hereto and cannot be modified except by a writing signed by each party. This Agreement may be executed and delivered via facsimile or via other electronic means in one or more counterparts, each of which shall be deemed an original agreement, but all of which together shall constitute one and the same agreement. This Agreement shall be deemed to have been entered into and made in the State of Georgia and shall be construed and enforced in accordance with the internal law of the State of Georgia applicable to contracts negotiated, executed and wholly performed within said State and subject to the exclusive jurisdiction of the courts located in Atlanta, Georgia. Notwithstanding anything to the contrary contained herein, Producer shall also have the right to withhold payment for any and all federal, provincial and municipal income, social security, and other taxes required to be remitted on the fees paid to Performer under the terms of this Agreement, including, without limitation, a six percent (6%) Georgia state income tax, if required.



P.  Dispute Resolution: Any and all controversies, claims or disputes arising out of or related to this Agreement or the interpretation, performance or uncured material breach thereof, including, but not limited to, alleged violations of state or federal statutory or common law rights or duties and the determination of the scope or applicability of this agreement to arbitrate ("Dispute"), shall be resolved according to the procedures set forth in subparagraph P(1) below (the "Resolution Procedures").  Except as amended in subparagraph P(2), the parties agree that the Resolution Procedures shall constitute the sole dispute resolution mechanism hereunder to the extent such mechanism is not governed by an applicable collective bargaining agreement.

(1)  Arbitration: This Agreement shall be governed by the laws of the State of Georgia applicable to agreements entered into and to be wholly performed therein without regard to its choice of laws principles.  In the event the network and/or Producer are unable to informally resolve any Dispute, then such Dispute shall be submitted to final and binding arbitration.  The arbitration shall be initiated and conducted at the Atlanta Office of JAMS, or its successor,

according to the JAMS Comprehensive (for claims over Two Hundred Fifty Thousand Dollars [$250,000]) or JAMS Streamlined (for claims under Two Hundred Fifty Thousand Dollars [$250,000]) Arbitration Rules and Procedures, except as modified herein, including the Optional Appeal Procedure and Expedited Arbitration Rules, in effect at the time the request for arbitration is made. Unless the network and Producer agree otherwise, the neutral arbitrator and the members of any appeal panel shall be former or retired judges or justices of any Georgia state or federal court with experience in matters involving the entertainment industry, who shall serve as the sole neutral, independent and impartial arbitrator. The arbitration must be initiated by the party seeking arbitration within the limitations period provided under Georgia law for the claim being asserted, and this Agreement shall not be interpreted as altering or extending any statutes of limitation that would otherwise be applicable if a claim were being filed in a court of law. The arbitrator shall follow Georgia law and the Georgia Rules of Evidence in adjudicating the Dispute. In any arbitration arising out of or related to this Agreement, the arbitrator(s) may not award any punitive or exemplary damages and the parties waive any right to recover such damages. Within thirty (30) days from the date the final award is rendered, either party may request an appeal from the arbitrator's decision by giving proper notice to the other party or parties and JAMS that an appeal is sought. Appeals shall be heard and decided by a panel of three (3) neutral arbitrators, not to include the arbitrator. If no party gives notice of an appeal within the required thirty-day period, the arbitrator's decision shall be considered final. If there is an appeal, the decision of the majority of the panel shall constitute the final arbitration decision. If either party refuses to perform any or all of its obligations under the final arbitration award (following appeal, if applicable) within thirty (30) days of such award being rendered, then the other party may enforce the final award in any court of competent jurisdiction in Fulton County. The party seeking enforcement shall be entitled to an award of all costs, fees and expenses, including reasonable outside attorneys' fees, incurred in enforcing the award, to be paid by the party against whom enforcement is ordered. The parties shall otherwise be responsible for payment of all of their own costs, fees and expenses, including reasonable outside attorneys' fees, of arbitrating any Dispute. In the event of conflicting arbitration provisions between this Agreement and other documents between the parties hereto, the provisions of this paragraph will control. To the extent that there is any disagreement about the arbitrability of a Dispute, the determination of arbitrability shall be made in accordance with the Federal Arbitration Act.

(2) <u>Other Matters:</u> Any Dispute or portion thereof, or any claim for a particular form of relief (not otherwise precluded by any other provision of this Agreement), that may not be arbitrated pursuant to applicable state or federal law may be heard only in a court of competent jurisdiction in Fulton County applying Georgia law without regard to its choice of laws principles.

**AGREED AND ACCEPTED:**

**AND ACTION LLC ("Producer")**

By:_____
Its:_____

DocuSigned by:
884EE342C66D4A6...
**DEREK ALEXANDER DIXON ("Performer")**

Date:_____

Date: **NOVEMBER 18, 2019**_____