QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (pro hac vice forthcoming)
alexspiro@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, New York 10016
Tel: 212 849 7000
Fax: 212 849 7100

Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
Mari F. Henderson (Bar No. 307693)
marihenderson@quinnemanuel.com
Alex Bergjans (Bar No. 302830)
alexbergjans@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Tel: 213 443 3000
Fax: 213 443 3100

TUCKER ELLIS LLP
Matthew A. Boyd (pro hac vice forthcoming)
matthew.boyd@tuckerellis.com
Ndubisi A. Ezeolu (Bar No. 256834)
ndubisi.ezeolu@tuckerellis.com
515 South Flower Street, Forty-Second Floor
Los Angeles, CA 90071
Tel: 213.430.3400
Fax: 213.430.3409

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| DEREK DIXON, an individual<br><br>Plaintiff,<br><br>v.<br><br>TYLER PERRY, an individual; TPS PRODUCTION SERVICES, LLC, a Limited Liability Company; AND ACTION, LLC, a Limited Liability Company; and DOES 1 through 50, inclusive<br><br>Defendants. | Case No. 2:25-cv-09112-JFW-SK<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Date: November 17, 2025<br>Time: 1:30 p.m.<br>Judge: Honorable John F. Walter<br><br>Complaint filed: June 13, 2025<br>Trial date: Not set |

Pursuant to Federal Rule of Evidence 201 and in support of their Motion to Dismiss, Defendants request that the Court take judicial notice of the following documents attached hereto:

**Exhibit A:** A Charge of Discrimination filed by Plaintiff with the Equal Employment Opportunity Commission on January 13, 2025 (Charge No. 410-2025-04165) against TPS Production Services, LLC.

**Exhibit B:** A Charge of Discrimination filed by Plaintiff with the Equal Employment Opportunity Commission on January 13, 2025 (Charge No. 410-2025-04168) against Tyler Perry Studios, LLC.

Pursuant to Federal Rule of Evidence 201(b), the foregoing documents are proper subjects for judicial notice because their contents are not subject to reasonable dispute and they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. The Court may take judicial notice at any stage of the proceeding. *See* FRE 201(d). On a motion to dismiss, courts may consider documents outside the complaint "when the contents of the document are alleged in the complaint, the document's authenticity is not in question, and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Here, the contents of Plaintiff's EEOC charges are detailed in the Complaint. *See generally* Complaint; *see also* Complaint, ¶ 189. Courts routinely take judicial notice of administrative agency charges because they are public records whose accuracy is not in dispute. *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("[A court] may take judicial notice of records and reports of administrative bodies"); *Dornell v. City of San Mateo*, 19 F. Supp. 3d 900, 904 n.3 (N.D. Cal. 2013) (judicial notice of EEOC charge is appropriate at the motion to dismiss stage). As such, this Court may properly take judicial notice of the two administrative charges filed by Plaintiff pursuant to Federal Rule of Evidence 201(b).

Date: October 21, 2025.

**TUCKER ELLIS, LLP**

By: */s/ Matthew A. Boyd*
Matthew A. Boyd

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 21st day of October 2025, all counsel of record who are deemed to have consented to electronic services are being served with a copy of this Document via email.

*/s/ Matthew A. Boyd*
Matthew A. Boyd