Jonathan J. Delshad [SBN 246176]
LAW OFFICES OF JONATHAN J. DELSHAD
1663 Sawtelle Blvd., Ste 220
Los Angeles, CA 90025
Telephone: (424) 255-8376
Facsimile: (424)256-7899
E-mail:  jdelshad@delshadlegal.com

Attorney for Plaintiff, Derek Dixon

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK DIXON, an individual<br><br>    Plaintiff,<br><br>  vs.<br><br>TYLER PERRY, an individual;<br>TPS PRODUCTION SERVICES, LLC,<br>a Limited Liability Company;<br>AND ACTION LLC, a Limited<br>Liability Company and DOES 1-<br>50, Inclusive,<br><br>    Defendants. | Case No. 2:25-cv-09112<br><br>**PLAINTIFF'S NOTICE OF *SECOND FILING* OF MOTION FOR REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT.**<br><br>HEARING DATE: November 24, 2025.<br>TIME: 1:30 PM<br>LOCATION: Courtroom 7A, Room 4311 of the Federal Courthouse located at 350 W. 1st St. LA CA 90012.<br><br>JUDGE: Hon. John F. Walter<br><br>Complaint filed: June 13, 2025<br>Trial Date: Not Set. |

    Please take notice that November 24, 2025, at 1:30 PM, or as soon thereafter as the matter may be heard in Courtroom 7A of the above-entitled court located at 350 W. 1st Street, Room 4311, Los Angeles CA 90012, Plaintiff Derek Dixon will move to remand this matter to the State Court from which it was improperly removed.

    This motion is made pursuant to Fed. R. Civ. P. 7(b)(1), 28 U.S.C. 1447(c) and (d). Due to Defendant's failure to meet its burden of invoking diversity jurisdiction and failure to have full consent

- 1 -

to removal.   In support of this motion, Plaintiff relies on the arguments set forth in the accompanying Memorandum of Points and Authorities, the Declaration of Derek Dixon, the entire Court record regarding the notice of removal together with the declarations filed therewith (Docket #1 through #1-5) and all arguments that may be presented on oral argument.

### Statement of Compliance with LR 7-3 and Court Rules

On October 10, 2025, Plaintiff's counsel initiated the meet-and-confer process required by this Court's Standing Order and Local Rule 7-3 by contacting Defendants' counsel in a good-faith effort to resolve the issues raised in this motion. Due to a family medical emergency, lead counsel for Defendants advised that he was unavailable to confer until October 16, 2025. (Delshad Decl. ¶2.) The parties thereafter met on Thursday, October 16, 2025, but could not timely complete a joint statement within the 2-calendar day deadline due to the weekend. The parties thereafter met again on October 20, 2025, and filed the joint statement shortly thereafter. Each LR 7-3 conference was held via Zoom because lead counsel for Defendant is based in Georgia. The parties were unable to resolve their dispute. The parties subsequently filed their joint statement with the Court on October 20, 2025, making the first filing date for a motion to be October 26, 2025 – after the statutory deadline for filing a remand under 28 U.S.C. § 1447(c). (Delshad Decl. ¶¶ 3-4)

Because of defense counsel's unavailability and the mandatory 30-day jurisdictional deadline for filing a motion to remand under 28 U.S.C. § 1447(c), Plaintiff could not both comply with the Court's Standing Order—which requires filing the motion within five calendar

MOTION TO REMAND

days after the joint statement—and file the motion by the statutory deadline. Compliance with the Court's local procedure would have rendered the remand motion untimely by two days.

The 30-day deadline under § 1447(c) is jurisdictional and mandatory, meaning that failure to comply with it results in the waiver of the right to seek remand based on procedural defects. Courts have consistently held that motions to remand for procedural defects must be filed within this 30-day period, and failure to do so precludes the arguments under § 1447(c).

Due to an abundance of caution and to preserve the filing of this remand, Plaintiff filed the motion on October 24, 2025 although such filing was admittedly not in full compliance with the Judge's Standing Order.

Accordingly, Plaintiff currently respectfully resubmits this motion on October 27, 2025 – bringing Plaintiff's motion in full compliance with the Judges Standing Order while preserving Plaintiff's right to make § 1447(c) objections to Removal. See *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995).

The attached MPA and Declaration have not changed in any respect from the original motion filed on 10/24/25. The Request for judicial notice has not been refiled.

Date: 10/27/2025

                              LAW OFFICES OF

                              JONATHAN J. DELSHAD, PC


                              By: _____
                                  JONATHAN J. DELSHAD
                                  *Attorneys for Plaintiff*

MOTION TO REMAND

## MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION .......................................................................... 7

II. RELEVANT FACTS ...................................................................... 7

A. Facts Regarding Procedural Timeline ........................................ 7
B. Relevant Factual Allegations made in the Notice of Removal .......... 8
C. Allegations in the Complaint Regarding Residence ...................... 8
D. Allegations in Other Filings by Defendants Regarding Dixon's Domicile . 9
E. Service of Process on Defendants ............................................ 9
F. Purported Consent to Removal on Behalf of And Action LLC .......... 9

III. LEGAL ARGUMENTS ................................................................ 10

A. A petition for removal based on information and belief of the residence of Plaintiff is insufficient to invoke diversity jurisdiction. ... 12
1. Defendants Have Not Alleged Facts Establishing a Change in Domicile . 13
2. Allegations Based on "Information and Belief" Are Legally Defective . 14
3. Defendants' Filings Allege that Mr. Dixon was a Georgia Employee and Worked in Georgia at all relevant times. ........................................ 15
B. As a separate reason, the Court must remand because of the lack of Unanimous Consent. ................................................................. 18
1. And Action LLC Was Properly Served and Therefore Its Consent Was Required . 18
2. No Authorized Person Consented to Removal on Behalf of And Action LLC . 19
3. The Defect Cannot Be Cured .................................................. 21

IV. CONCLUSION ......................................................................... 22

MOTION TO REMAND

## Table of Authorities

**Cases**

ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl.
  Quality (9th Cir. 2000) 213 F.3d 1108 ................................................................ 21

Bradford v. Mitchell Bros. Truck Lines (N.D.Cal. 1963) 217 F.Supp.
  525 ................................................................................................................. 14

Foley v. Allied Interstate, Inc. (C.D.Cal. 2004) 312 F.Supp.2d 1279
  ..................................................................................................................... 20

Gaus v. Miles, Inc. (9th Cir. 1992) 980 F.2d 564 ........................................ 11

Hewitt v. Stanton (9th Cir. 1986) 798 F.2d 1230 ......................................... 18

Industrial Tectonics, Inc. v. Aero Alloy (9th Cir. 1990) 912 F.2d
  1090 ................................................................................................................ 12

Johnson v. Circuit City Stores, Inc. (N.D.Cal. 1999) 71 F.Supp.2d
  1026 ................................................................................................................ 11

Johnson v. Columbia Props. Anchorage, LP (9th Cir. 2006) 437 F.3d
  894 ................................................................................................................. 12

Kanter v. Warner-Lambert Co. (9th Cir. 2001) 265 F.3d 853 .............. 12, 14

Kantor v. Wellesley Galleries, Ltd. (9th Cir. 1983) 704 F.2d 1088 . 12

Kokkonen v. Guardian Life Ins. Co. of Am. (1994) 511 U.S. 375 .......... 10

Mitchell v. United States (1874) 88 U.S. 350 .............................................. 14

Prize Frize Inc. v. Matrix Inc. (9th Cir. 1999) 167 F.3d 1261 .......... 11

Proctor v. Vishay Intertechnology Inc. (9th Cir. 2009) 584 F.3d
  1208 ................................................................................................................ 18

Strasser v. KLM Royal Dutch Airlines (C.D.Cal. 1986) 631 F.Supp.
  1254 ................................................................................................................ 17

Strotek Corp. v. Air Transp. Ass'n of Am. (9th Cir. 2002) 300 F.3d
  1129, 1131 ...................................................................................................... 17

Wolfe v. Hartford Life & Annuity Ins. Co. (1893) 148 U.S. 389 .......... 12

- 5 -

**Statutes**

(Cal. Code Civ. Proc., § 416.10 ................................................................................. 19

28 U.S.C. § 1332 ................................................................................................... passim

28 U.S.C. § 1441 ......................................................................................................... 10

28 U.S.C. § 1446 ...................................................................................................... 7, 18

28 U.S.C. § 1447(c) ................................................................................................. 7, 10

Ga. Code Ann. § 14-11-604 ....................................................................................... 20

Ga. Code Ann. § 14-4-161 .......................................................................................... 19

MOTION TO REMAND

## I.   INTRODUCTION

Plaintiff Derek Dixon respectfully submits this Motion to Remand pursuant to 28 U.S.C. § 1447(c) Remand is warranted on two independent grounds, either one being sufficient for remand.

1.   **Lack of Unanimous Consent.** Removal violated the "rule of unanimity" under 28 U.S.C. § 1446 (b)(2)(A).

2.   **Failure to Establish Diversity.** Defendants failed to carry their burden to plead and prove complete diversity.

Because these defects cannot be cured, remand is required. This motion — filed on October 24, 2025, within thirty days of removal — is timely under 28 U.S.C. § 1447(c).

## II.   RELEVANT FACTS

### A. Facts Regarding Procedural Timeline

Defendants filed their Notice of Removal on September 24, 2025, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). (Docket #1). The thirty-day statutory deadline for filing a motion to remand under 28 U.S.C. § 1447(c) expires on October 24, 2025.

On October 10, 2025, Plaintiff's counsel contacted Defendants' counsel to initiate the conference required by Local Rule 7-3 and the Court's Standing Order. Defense counsel reported being unavailable due to a family medical emergency and indicated that he could not meet until October 16, 2025. The parties met via Zoom on October 16, 2025, and again on October 20, 2025. They exchanged drafts of a joint statement but did not reach agreement. Delshad Decl. ¶¶ 2-4.

Plaintiff filed this motion on October 24, 2025.

MOTION TO REMAND



B. **Relevant Factual Allegations made in the Notice of Removal**

Defendants' Notice of Removal states that removal is based on diversity jurisdiction. <u>Paragraph 12</u> of the Notice provides:

> "The Complaint alleges that Plaintiff 'resides' in the State of California. See Complaint ¶ 27. Absent additional clarifying facts, Defendants will presume that to mean Plaintiff is domiciled in, and therefore a citizen of, California solely for jurisdictional purposes under 28 U.S.C. § 1332(a)." (Docket #1 – hereinafter, "NOR")

The NOR goes on to allege that all other Defendants are domiciled in Georgia. NOR ¶ 14, 15, 16. Based on these allegations alone, the NOR states: "Complete diversity of citizenship exists between Plaintiff and Defendants." Id at ¶ 18.

There is no other paragraph of the NOR or any other declaration that provides any factual information concerning Plaintiff's domicile. The Complaint was filed on June 13, 2025. Docket #1, Exhibit 1. The NOR was filed on September 24, 2025. The NOR does not allege Plaintiff's domicile at the time of removal.  The NOR does not allege any facts about Mr. Dixon's intent on remaining in California after he moved there from Atlanta, Georgia.

C. **Allegations in the Complaint Regarding Residence**

Paragraph 27 of the Complaint alleges that Plaintiff "resides in the State of California." Docket #1, Exhibit 1. Paragraph 43 states that Plaintiff "was a resident of California from January 2023 through the end of the relevant time period and the sexual assault and harassment of Mr. Perry continued and extended into the relevant

- 8 -

time period where Mr. Dixon was a resident of and working from California for Mr. Perry." Docket #1, Exhibit 1.

**D. Allegations in Other Filings by Defendants Regarding Dixon's Domicile.**

In a separate motion to dismiss Defendants argue that "Dixon's choice of venue should be given little weight since he lived, worked, and allegedly faced unlawful conduct in Georgia." Docket 27, pg 16 fn 10). (While Defendant's motion was filed twice and stricken by the Court twice due procedural defects in its filing, the relevant portions are illustrative.)

**E. Service of Process on Defendants**

Plaintiff personally served Defendant Tyler Perry on August 25, 2025. Delshad Decl. ¶7. CT Corporation System the registered agent for service of process of both TPS Production Services, LLC and the terminated AND ACTION LLC was served on August 27, 2025. See Delshad Decl. ¶ 8 – 12.

Public records filed with the Georgia Secretary of State show that And Action LLC was administratively dissolved on December 18, 2023, with Tyler Perry listed as the managing member who executed the termination paperwork. Delshad Decl. ¶ 11.

**F. Purported Consent to Removal on Behalf of And Action LLC**

The Notice of Removal contains no separate signature, joinder, or consent from And Action LLC. Instead, Defendants alleged that And Action LLC need not consent to the removal because it was not served. Docket ¶25. The Declaration of Robyne Gordon stated:

- 9 -

1        "To the extent necessary, And Action LLC consents to

2        Defendants' removal of this action to Federal Court." (Dkt.

3        1-4 ¶ 5),

4    In the same declaration, Ms. Gordon identified herself as

5 "Senior Director, Legal Operations for TPS at Fort Mac, LLC." (Dkt.

6 1-4 ¶ 2.) The declaration does not indicate that she was a member,

7 manager, officer, or registered agent of And Action LLC, and it

8 provides no documentation of authorization to act on behalf of that

9 entity or its parent, JoyGA Holding LLC. Neither Mr. Perry nor any

10 other person identified as a manager or member of And Action LLC

11 executed or filed any consent to removal.

12   As of October 24, 2025, Defendants' Notice of Removal remains the

13 operative pleading invoking federal jurisdiction. No amendment has

14 been filed supplementing the jurisdictional allegations or adding

15 any additional consents.

16

17   **III. LEGAL ARGUMENTS**

18     Federal courts are courts of limited jurisdiction, having

19 subject matter jurisdiction only over matters authorized by the

20 Constitution and Congress. See, Kokkonen v. Guardian Life Ins. Co.

21 of Am. (1994) 511 U.S. 375, 377 [114 S.Ct. 1673, 1675, 128 L.Ed.2d

22 391, 395]. A suit filed in state court may be removed to federal

23 court if the federal court would have had original jurisdiction over

24 the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to

25 state court if the federal court lacks subject matter jurisdiction.

26 28 U.S.C. § 1447(c).

27     The removal statutes are strictly construed to prevent waste of

28 judicial resources. *See* Gaus v. Miles, Inc. (9th Cir. 1992) 980 F.2d

MOTION TO REMAND

564, 566. There is a strong presumption against removal to federal court, and the Court should remand the case to state court if there is any doubt regarding removal. See Gaus, supra, at 566. **The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction.**" Prize Frize Inc. v. Matrix Inc. (9th Cir. 1999) 167 F.3d 1261, 1265. (emphasis added).

The removing defendants have the burden of proving compliance with these statutes and their justification for removing a case to federal court. See Id. at 1266; Johnson v. Circuit City Stores, Inc. (N.D.Cal. 1999) 71 F.Supp.2d 1026, 1028. This burden specifically applies to proving that the defendant has met the procedural requirements for removal. "Federal jurisdiction **must** be rejected if there is any doubt as to the right of removal in the first instance.**" Gaus v. Miles, Inc. (9th Cir. 1992) 980 F.2d 564, 566 (emphasis added).

In this case, it would be Defendant's burden to establish diversity jurisdiction in its removal papers. This case **must** be remanded because of the failure of Defendant to establish the right of removal pursuant to diversity as will be explained infra. Additionally, all removal statutes are to be strictly construed against removal jurisdiction.

In attempting to invoke this Court's diversity jurisdiction, Defendants must plausibly allege that there is complete diversity of citizenship between the parties, and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.

- 11 -

1  Kantor v. Wellesley Galleries, Ltd. (9th Cir. 1983) 704 F.2d 1088,

2  1090. Persons are domiciled in the place they reside with the intent

3  to remain or to which they intend to return. See Kanter v. Warner-

4  Lambert Co. (9th Cir. 2001) 265 F.3d 853, 857. For the purposes of

5  diversity jurisdiction, a corporation is a citizen of any state where

6  it is incorporated and of the state where it has its principal place

7  of business. 28 U.S.C. § 1332(c); see also Industrial Tectonics, Inc.

8  v. Aero Alloy (9th Cir. 1990) 912 F.2d 1090, 1092. The citizenship

9  of an LLC is the citizenship of its members. See Johnson v. Columbia

10 Props. Anchorage, LP (9th Cir. 2006) 437 F.3d 894, 899. ("[L]ike a

11 partnership, an LLC is a citizen of every state of which its

12 owners/members are citizens.").

13     For diversity purposes, citizenship means domicile; mere

14 residence in the State is not sufficient. *See* Wolfe v. Hartford Life

15 & Annuity Ins. Co. (1893) 148 U.S. 389 [13 S.Ct. 602, 37 L.Ed. 493].

16

17     **A. A petition for removal based on information and belief of**

18        **the residence of Plaintiff is insufficient to invoke**

19        **diversity jurisdiction.**

20

21     Defendants' notice of removal fails does not plausibly allege

22 that Mr. Dixon's **"citizenship"** is diverse to all Defendants.  That

23 is because Defendants did not set forth any facts from which

24 citizenship of Mr. Dixons can be inferred. The only paragraph in the

25 notice of Removal that deals with Mr. Dixon's citizenship is

26 paragraph 12, which states in full:

27

28

- 12 -

1             "The Complaint alleges that Plaintiff 'resides' in the

2             State of California. See Complaint, ¶ 27. Absent additional

3             clarifying facts, **Defendants will presume** that to mean

4             Plaintiff is domiciled in, and therefore a citizen of,

5             California solely for jurisdictional purposes under 28

6             U.S.C. § 1332(a)." (Notice of Removal. Docket 1, pg 4 lines

7             19-22)

8

9   This "presumption" is not legally sufficient. Residence and

10  domicile are not synonymous. Alleging that a party "resides" in a

11  state does not establish domicile, and therefore does not establish

12  citizenship for purposes of diversity jurisdiction. Because

13  Defendants have not plausibly alleged diversity jurisdiction, this

14  case must be remanded.

15

16         1. **Defendants Have Not Alleged Facts Establishing a**

17            **Change in Domicile**

18  Mr. Dixon lived in Atlanta, Georgia for approximately eight

19  years prior to relocating to California. The Complaint alleges that

20  Mr. Dixon moved to California to escape continued harassment by

21  Defendant Perry. Paragraph 43 of the Complaint expressly provides

22  that "Mr. Dixon was a resident of California from January 2023 through

23  the end of the relevant time period and the sexual assault and

24  harassment of Mr. Perry continued and extended into the relevant time

25  period where Mr. Dixon was a resident of and working from California

26  for Mr. Perry." (Docket 1, Exhibit 1 ¶ 43). Therefore, the Complaint

27  only states that Mr. Dixon resided in California during the relevant

28  time period.

MOTION TO REMAND

1    A domicile once acquired was presumed to continue. Mitchell v.
2 United States (1874) 88 U.S. 350, 351 [22 L.Ed. 584, 587]. To
3 establish a change in domicile, Defendants must demonstrate both (1)
4 a change of residence, and (2) an intent to remain in the new location
5 indefinitely. Either element without the other is insufficient. As
6 the Supreme Court has long held, "Mere absence from a fixed home,
7 however long continued, cannot work the change." Id. at 353.

8    Here too, Defendant cannot argue for diversity of citizenship
9 without alleging Mr. Dixon's changed his domicile. Especially when
10 Defendants have argued in other motions filed in this court that Mr.
11 Dixon was always domiciled in Georgia. (See supra, Section II. D.)

12                    2. **Allegations Based on "Information and Belief"**
13                       **Are Legally Defective**

14    Defendants' sole support for their assertion of Plaintiff's
15 California citizenship derives from Paragraph 27 of the Complaint,
16 which alleges that Plaintiff "is an individual who resides in the
17 State of California." (Complaint ¶ 27). Additionally, this allegation
18 was only made on "information and belief" in a State Court complaint.
19 See Complaint ¶ 2.

20    An allegation of "residence" made on "information and belief"
21 is insufficient to plausibly plead citizenship for diversity
22 purposes. Courts consistently require a party invoking federal
23 jurisdiction to affirmatively allege the *actual citizenship* of the
24 parties. Kanter v. Warner-Lambert Co. (9th Cir. 2001) 265 F.3d 853,
25 857; Bradford v. Mitchell Bros. Truck Lines (N.D.Cal. 1963) 217
26 F.Supp. 525, 527. ("A petition [for removal] alleging diversity of
27 citizenship **upon information and belief is insufficient.**"(emphasis
28 added)).

- 14 -

Paragraph 18 of the Notice of Removal, which summarily asserts that "complete diversity of citizenship exists," rests entirely on the same defective presumption in Paragraph 12. (Notice of Removal ¶¶ 12, 18.) The Notice of Removal therefore fails to allege Plaintiff's citizenship affirmatively or plausibly, rendering the jurisdictional statement inadequate under 28 U.S.C. § 1332(a).

### 3. **Defendants' Filings Allege that Mr. Dixon was a Georgia Employee and Worked in Georgia at all relevant times.**

The insufficiency of Defendants' jurisdictional allegations is underscored by their inconsistent representations in other filings. In other motions, Defendants argue for dismissal of claims in this lawsuit because they alleged that (1) Plaintiff was a resident of Georgia, (2) Defendants do not conduct business in California, (3) Defendant does not employ California employees, and (4) Plaintiff was a Georgia employee who did not work in California. See generally, Def. Motion to Dismiss (Docket 27, pg 16, line 13, 22-23, FN 10) and Decl. of Robyne Gordon ¶8, 9, 15, 16 (Docket 27-2).

The last point is especially salient. Defendant argues in a motion to dismiss that, "Dixon's choice of venue should be given little weight since **he lived, worked, and allegedly faced unlawful conduct in Georgia**." (See Docket 27, pg 16 lines 15-16).

Defendants can't have their cake and eat it too. In their motion Defendants directly contradict the Notice of Removal's assumption—

MOTION TO REMAND

based solely on "information and belief"—that Plaintiff is domiciled in California by arguing that he worked, lived, and faced unlawful conduct in Georgia.

In reality, Plaintiff both resided and worked in Georgia and in California. Plaintiff was sexually harassed in Georgia, and to his displeasure, the sexual harassment continued in California. California therefore is the proper venue even if Mr. Dixon is not domiciled there. That is because the relevant question for diversity jurisdiction is "domicile" at the time of the complaint and at the time of removal. A different analysis determines jurisdiction and venue in state court.

Defendants fail to amend their NOR and must insist that their NOR is proper because they want to later allege that Mr. Dixon is a citizen of Georgia and worked in Georgia in order to succeed on their motion to dismiss. (See Section II. D. supra).  If Defendant alleges in the NOR that Mr. Dixon is domiciled in California because he lived and worked in California while working for Defendant, then they would be effectively contradicting the declarations they filed in connection with their motions to dismiss.


**4. <u>Domicile for Diversity Jurisdiction Is Necessary both at the time of Filing and of Removal</u>**

Additionally, basing citizenship only on residency allegation in a complaint, Defendant has merely alleged that diversity exists without temporal specificity.

For removal purposes, diversity must exist both at the time that the action commences and at the time that the defendant files a notice of removal. Defendant only alleged that Mr. Dixon "resided"

- 16 -

MOTION TO REMAND

in California at the time of the filing of the Complaint.  Even if
the defects above would have be cured and Defendant properly alleged
domicile at the time of the filing of the complaint, Defendant has
still not met its burden for diversity jurisdiction.

The Ninth Circuit has recognized that diversity jurisdiction
"is determined (and must exist) as of the time the complaint is filed
and [at the time] removal is effected.  [citations]." Strotek Corp.
v. Air Transp. Ass'n of Am. (9th Cir. 2002) 300 F.3d 1129,
1131; Strasser v. KLM Royal Dutch Airlines (C.D.Cal. 1986) 631
F.Supp. 1254, 1256("It is well established that diversity of
citizenship, as the basis of removal jurisdiction, must exist both
when an action is filed in state court and when defendant petitions
for removal to federal court.").

The requirement to include this information in a notice of
removal is not a mere formality designed to trap the unwary. Rather,
it performs the essential function of providing information that
allows the Court to satisfy itself that a requirement for
jurisdiction has been satisfied, which, in turn, would allow removal.
Because Defendant has failed to provide this information, the Court
has no way of verifying that complete diversity exists.

Here, the notice of removal lacks any information about the
domicile of Mr. Dixon in September of 2025 at the time of removal.
There is simply a lack of the necessary information to effectuate
removal and therefore the case must be remanded.


### 5. <u>Conclusion</u>

Defendants' assertion of diversity jurisdiction rests entirely
on a presumption drawn "on information and belief" from an allegation

MOTION TO REMAND

of residence in the complaint. That lack of detail is insufficient as a matter of law to establish domicile or citizenship of Mr. Dixon. There is also no plausible allegation of citizenship of Mr. Dixon at the time of removal, which is necessary. Because Defendants have failed to plausibly allege diversity jurisdiction this Court lacks as a matter of law lacks jurisdiction, and the case must be remanded to state court.

**B. As a separate reason, the Court must remand because of the lack of Unanimous Consent.**

Removal fails for a separate reason: not all properly joined and served defendants consented. The Ninth Circuit's "rule of unanimity" is clear. All served defendants must join in or consent to removal. Hewitt v. Stanton (9th Cir. 1986) 798 F.2d 1230, 1232. Congress codified this requirement: "all properly joined and served defendants must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

Failure to obtain consent from each properly served defendant is a procedural defect mandating remand if timely raised. Proctor v. Vishay Intertechnology Inc. (9th Cir. 2009) 584 F.3d 1208, 1225.

**1. And Action LLC Was Properly Served and Therefore Its Consent Was Required**

AND ACTION LLC did not properly consent to removal. Defendants assert that And Action LLC need not to consent to removal because it was not served. That is not so. And Action **was** served.

AND ACTION LLC dissolved in 2023. Decl. of Robyne Gordon ¶5 (Docket 1-4). Under Georgia law, service on a dissolved entity may

- 18 -

be effected by serving an individual who, at the time of dissolution, was an officer or agent authorized to receive service on the entity's behalf. See Ga. Code Ann. § 14-4-161(b).

Tyler Perry, as manager of the terminated LLC, filed termination paperwork with the Georgia Secretary of State on December 18, 2023. Delshad Decl. ¶10, Exhibit A.  The registered agent for service of process is CT Corporation System — the exact same registered agent as TPS Production Services, LLC and in the same exact location. Delshad Decl. ¶¶ 12, Exhibit B. CT Corporation was served with the complaint by personal service on August 27, 2025, and Mr. Perry was personally served with the complaint as well on August 25, 2025. Decl. of Bisi Ezeolu ¶4 (Docket 1-3).

Cal Code Civ Proc § 416.10 allows for service on a limited liability company by delivering the summons and complaint to the person designated as the agent for service of process. (Cal. Code Civ. Proc., § 416.10). Here, the agent for AND ACTION LLC, CT Corporation, was served with a copy of the complaint and summons naming AND ACTION LLC as a defendant. CT Corporation was served at the appropriate address by personal service on August 27, 2025. Thus, AND ACTION LLC's consent was required for removal.  AND ACTION LLC had until September 27 to consent to removal through an authorized representative.

2. **No Authorized Person Consented to Removal on Behalf of And Action LLC**

Defendants contend that AND ACTION did not need to consent to removal, but in a declaration submitted by Robyne Gordon, that "To the extent necessary, AND ACTION LLC consents to Defendants' removal

- 19 -

1 of this action to Federal Court." Gordon Decl. ¶5 (Docket 1-4).

2 Gordon's declaration is legally insufficient for removal.

3     Gordon establishes no foundation for her authority to consent

4 to removal on behalf of AND ACTION LLC.

5     In the Ninth Circuit, in the context of removal, courts have

6 recognized that consent to removal must come from someone with the

7 authority to bind the entity. This authority is typically vested in

8 those who manage or control the LLC, as determined by state law and

9 the LLC's governing documents. Foley v. Allied Interstate, Inc.

10 (C.D.Cal. 2004) 312 F.Supp.2d 1279, 1283. Here, the applicable law

11 is Georgia's statue dealing with terminated entities. Under Georgia

12 law, the authority to act on behalf of a terminated limited liability

13 company (LLC) is primarily governed by Ga. Code Ann. § 14-11-604(b).

14 Upon dissolution, only the members or managers who were vested with

15 management authority prior to the dissolution may wind up the LLC's

16 affairs, but other than that, the dissolution generally terminates

17 the authority of *all individuals* to act on behalf of the LLC. Id.

18 ("Except so far as may be appropriate to wind up the limited liability

19 company's affairs or to complete transactions begun but not then

20 finished, dissolution terminates all authority of every person to

21 act for the limited liability company").

22     The owner of AND ACTION did not consent to removal. AND ACTION

23 LLC was wholly owned by JoyGa Holding LLC. Gordon Decl. ¶5 (Docket

24 1-4). JoyGA Holding LLC did not consent to the removal.

25     Tyler Perry was the manager of AND ACTION LLC when he terminated

26 the LLC. Delshad Decl. ¶11. Exhibit A. Mr. Perry submitted a

27 declaration, but did not consent to removal on behalf of AND ACTION

28 LLC. See Perry Decl. (Docket 1-5).

MOTION TO REMAND

1  Robyne Gordon was not, and is not the manager, officer, agent,
2  or authorized representative of AND ACTION LLC. Gordon describes
3  herself as an employee of "TPS at Fort Mac, LLC as the Senior Director
4  Legal Operations." Gordon Decl. ¶2.  Gordon provides no foundation
5  for TPS AT FORT MAC, LLC's relationship with and authorization to
6  act on behalf of AND ACTION LLC. Gordon is not counsel of record for
7  And Action LLC.  She therefore lacks capacity under Georgia law to
8  consent to removal on the LLC's behalf.

9  AND ACTION LLC was properly served under California law before
10  removal, so its consent was necessary. Since Robyne Gordon was not
11  authorized to consent and the responsible parties did not provide
12  consent, unanimity is lacking and the case must be remanded.

13
14  ### 3. <u>The Defect Cannot Be Cured</u>

15  The NOR took the position that And Action LLC was never served
16  and therefore need not consent to removal. That position is factually
17  incorrect as described above. As a backup, And Action LLC had Robyne
18  Gordon consent on behalf of And Action LLC.  However, she is not
19  authorized to consent.  As a result, And Action LLC did not consent
20  to removal. Because defendants did not comply with the rule of
21  unanimity, the matter must be remanded.

22  The 30-day time limit for filing a notice of removal under 28
23  USCS § 1446 is considered a procedural requirement, not a
24  jurisdictional one. Procedural defects can be waived if not timely
25  objected to by the opposing party, **but they <u>cannot</u> be cured by
26  amending the notice of removal after the 30-day period has expired.**
27  ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl.
28  Quality (9th Cir. 2000) 213 F.3d 1108, 1117. Because this is a

procedural defect and the objection is timely raised there is no opportunity to cure. Remand is required.

**IV.  CONCLUSION**

For the reasons listed above, the Court must remand this matter to the State Court.

Executed this 24th day of October 2025, at Los Angeles, California.

LAW OFFICES OF JONATHAN J. DELSHAD

By: _____
    JONATHAN J. DELSHAD
    Attorneys for Plaintiff

MOTION TO REMAND

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff certifies that this brief contains 4,634 words, which complies with the word limit of L.R. 11-6.1. In making this calculation, I have relied on the word count of the word processing system used to prepare the document and have counted only the words in the memorandum.

DATED: October 24, 2025

LAW OFFICES OF JONATHAN J. DELSHAD

_____/s_____

1663 Sawtelle Blvd., Suite 220

Los Angeles, CA 90025

Telephone: 424-255-8367

Facsimile: 424-256-7899

jdelshad@delshadlegal.com

*Attorney for Plaintiff*

MOTION TO REMAND

**PROOF OF SERVICE OF DOCUMENT**
**Case No. 2:25-cv-09112**
**DEREK DIXON, an individual v. TYLER PERRY, an individual et al.**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to this action. My business address is LAW OFFICES OF JONATHAN J DELSHAD PC., 1663 Sawtelle Blvd., Suite 220, Los Angeles, CA 90025.

On October 27, 2025, 1 served the attached documents described as:

1. **PLAINTIFF'S NOTICE OF SECOND FILING OF MOTION FOR REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT.**
2. **DECLARATION OF JONATHAN J. DELSHAD IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND**
3. **[PROPOSED] ORDER [GRANTING/DENYING] MOTION FOR REMAND.**

☒ **Via Notice of Electronic Filing (NEF):** Pursuant to controlling General Orders and Local Rules, the foregoing documents will be served by the court via NEF and hyperlink to the document. On (date) October 27, 2025, 1 checked the CM/ECF docket for this district court case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (pro hac vice forthcoming)
alexspiro@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
Tel: 212.849.7000
Fax: 212.849.7100

Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
Mari F. Henderson (Bar No. 307693)
marihenderson@quinnemanuel.com
Alex Bergjans (Bar No. 302830)
alexbergjans@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213.443.3000
Fax: 213.443.3100

TUCKER ELLIS LLP
Matthew A. Boyd (pro hac vice forthcoming)

matthew.boyd@tuckerellis.com
Ndubisi A. Ezeolu (Bar No. 256834)
ndubisi.ezeolu@tuckerellis.com
515 South Flower Street, Forty-Second Floor
Los Angeles, CA 90071
Tel: 213.430.3400
Fax: 213.430.3409

☒  **Via Personal Delivery, Overnight Mail, Facsimile Transmission or Email (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling Local Rules, on October 27, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email (*continued*)

as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

> Honorable John F. Walter
> United States District Court, Central District of California
> United States Courthouse,
> Courtroom 7A, Room 4311
> of the Federal Courthouse located
> at 350 W. 1st St. LA CA 90012.

☒  *(Federal)* – I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Wendy Carmona | October 27, 2025 | */s/ Wendy Carmona* |
|---|---|---|
| Name | Date | Signature |