| | |
|---|---|
| **UNITED STATES DISTRICT COURT** <br> **CENTRAL DISTRICT OF CALIFORNIA** | JS-6 |

### CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.   **CV 25-9112-JFW(SKx)** | Date:  December 12, 2025 |

Title:     Derek Dixon -v- Tyler Perry, et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

| | |
|---|---|
| **PROCEEDINGS (IN CHAMBERS):** | **ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS OR TRANSFER [filed 10/27/2025; Docket No. 38]** |

On October 27, 2025, Defendants Tyler Perry ("Perry"), TPS Production Services, LLC ("TPS") and And Action, LLC ("And Action") (collectively, "Defendants") filed a Motion to Dismiss ("Motion").  On November 17, 2025, Plaintiff Derek Dixon ("Plaintiff") filed his Opposition.  On November 24, 2025, Defendants filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's December 8, 2025 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On June 13, 2025, Plaintiff filed this action against Defendants in Los Angeles County Superior Court, alleging causes of action for: (1) Quid Pro Quo Sexual Harassment (Cal. Gov. Code § 12940(j)); (2) Work Environment Harassment (Cal. Gov. Code § 12940(j)); (3) Sexual Harassment (Cal. Civ. Code § 51.9); (4) Workplace Gender Violence (Cal. Civ. Code § 52.4); (5) Violation of Bane Act (Cal. Civ. Code § 52.1); (6) Sexual Battery (Cal. Civ. Code § 1708.5); (7) Sexual Assault; (8) Negligent Retention; (9) Intentional Infliction of Emotional Distress; and (10) Retaliation under California's Fair Employment and Housing Act ("FEHA").  ECF No. 1-1.

Defendant Tyler Perry is a Georgia resident who has lived in Georgia for more than thirty years.  ECF No. 1-5, (Declaration of Tyler Perry, "Perry Decl.") ¶¶ 2-4.  It is undisputed that Perry maintains his permanent residence in Georgia, is registered to vote there, and holds a Georgia driver's license.  Id.  While Perry owns property in California, including a house, he does not use

any California property as his permanent residence.  *Id*. ¶ 3.  Defendant TPS is a Georgia LLC headquartered in Georgia.  ECF No. 38-2, (Declaration of Robyne Gordon, "Gordon Decl.") ¶ 5.  Defendant And Action (now dissolved), at all relevant times, was also a Georgia LLC headquartered in Georgia.  *Id*. ¶ 7.  Neither entity has offices, staff, or a registered agent in California, and neither is licensed to do business in California.  *Id*. ¶¶ 8-9.

Plaintiff met Perry in 2019 while Plaintiff was living in Georgia and working for a Georgia-based event company.  ECF No. 1-1 ¶¶ 50-52.  Perry helped Plaintiff secure minor acting roles in television shows, beginning with a single episode of "Ruthless" filmed in Georgia in 2019.  *Id*. ¶¶ 57, 59; Gordon Decl. ¶ 10.  Plaintiff subsequently entered into a series of contracts with Defendants to appear in multiple television series and film productions between 2019 and 2024, including "The Oval," "Losing It," and "Finding Joy/Joy Ridge."  ECF No. 38-2 (Gordon Decl.) ¶¶ 10-13.  All of these productions were filmed at Tyler Perry Studios in Atlanta, Georgia.  *Id*. ¶ 13; *see also* ECF No. 38-3 (call sheets showing Georgia filming locations).

Between 2019 and 2024, Plaintiff executed four separate Performer Agreements with And Action or TPS.  Gordon Decl. ¶ 14.  Each agreement contains a Georgia choice-of-law provision and a forum-selection clause providing that disputes "may be heard only in a court of competent jurisdiction of Fulton County applying Georgia law." *See* ECF No. 38-5 ¶ 24(b) (The Oval agreement); ECF No. 38-6 ¶ P(2) (Losing It agreement); ECF No. 38-7 ¶ M (Finding Joy agreement); ECF No. 38-4 ¶ M (Ruthless agreement).  The first three agreements -- for "Ruthless," "The Oval," and "Losing It" -- list Georgia addresses for Plaintiff and for his talent agent.  Gordon Decl. ¶¶ 14-16; ECF Nos. 38-4 through 38-6.

Plaintiff alleges that between January 2020 and June 2021, Defendant Perry engaged in unwanted sexual advances and physical contact during encounters in Georgia, the Bahamas, and Wyoming.  ECF No. 1-1 ¶¶ 65-144.  Specifically, Plaintiff alleges incidents in January 2020 at Perry's Georgia residence (*id*. ¶¶ 65-69), in March 2020 at Perry's Georgia home (*id*. ¶¶ 81-91), in August 2020 at Tyler Perry Studios in Georgia (*id*. ¶¶ 100-119), in October 2020 during a cast trip to the Bahamas (*id*. ¶¶ 123-126), and in June 2021 at Perry's home, in Georgia or Wyoming (*id*. ¶¶ 135-144).

In January 2023, Plaintiff moved from Georgia to Santa Monica, California.  ECF No. 1-1 ¶ 43. After his move, Plaintiff continued to work for Defendants, filming Season 6 of "The Oval" in February 2023 in Georgia and appearing in "Finding Joy" filmed in February 2024 in Georgia.  Gordon Decl. ¶¶ 11-13; ECF No. 38-3 (call sheets).  The "Finding Joy" agreement, executed in 2024, lists Plaintiff's Santa Monica, California address for contractual notices and was entered into between Defendant TPS and Derek Dixon LLC, a Georgia limited liability company.  Gordon Decl. ¶¶ 14-16; ECF No. 38-7; *see also* ECF No. 38-8 (Georgia Secretary of State records for Derek Dixon LLC).

After Plaintiff's move to Santa Monica, Defendants sent scripts and paychecks to Plaintiff's California address as part of Plaintiff's employment. ECF No. 53-1 (Dixon Decl.) ¶ 6. Plaintiff's duties under the performance agreements included off-camera tasks such as script study, memorization, practice, and preparation, which Plaintiff performed from his California home. *Id.* ¶¶ 4, 8. In addition to acting, Plaintiff also performed additional work for Defendants from California, including writing pitch decks, developing story materials, and assisting with production, sales,

marketing and pitching his pilot project "Losing It. *Id.*¶ 5.

Plaintiff alleges that, after moving to California, Defendant Perry "would call [him]" and make inappropriate or unwanted sexual comments. ECF No. 1-1 ¶¶ 174-179. Plaintiff further alleges that he reported the harassment to Defendant TPS as well as the Equal Employment Opportunity Commission while residing in California. *Id.* ¶¶ 189-91. Plaintiff also alleges that he was retaliated against and constructively terminated from "The Oval" in 2024 while residing in California. *Id*. ¶¶ 192-95, 204.

On September 24, 2025, all Defendants jointly filed a Notice of Removal, alleging this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based on complete diversity of citizenship and an amount in controversy exceeding $75,000. ECF No. 1. On October 27, 2025, Defendants filed the present Motion and requested this Court to (1) dismiss Plaintiff's claims for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2); (2) enforce the Georgia forum-selection clause in Plaintiff's Performer Agreements with TPS and dismiss this action for improper venue under Fed. R. Civ. P. 12(b)(3); (3) dismiss Plaintiff's claims pursuant to 28 U.S.C. § 1404(a) (forum non conveniens); or, in the alternative, (4) transfer this action to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. §1404(a) or §1406. ECF No. 38.

Defendants have separately filed a motion to dismiss Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because the Court grants Defendants' present motion to transfer this action to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a), the Court need not reach the separate Rule 12(b)(6) motion.

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a).[1] The purpose of Section 1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960)). "Under § 1404(a), the district court has discretion to adjudicate motions for transfer 'according to an individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

"[T]he central inquiry of a § 1404(a) motion" is the convenience of the parties and witnesses

---

[1] Importantly, a district court may transfer venue pursuant to 28 U.S.C. § 1404(a) even if it lacks personal jurisdiction over the defendants. *See, e.g., Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 112 (2d Cir. 2001)("The district court has this power to transfer venue [under § 1404] even if it lacks personal jurisdiction over the defendants."); *Southard v. Kipper Tool Co.*, 2023 WL 6959145, at *2 (N.D. Cal. Oct. 19, 2023) ("[A] district court may also transfer an action pursuant to 28 USC 1404(a), regardless of whether venue is proper or the transferring court has personal jurisdiction of the defendant.").

and the interests of justice. *Joe Boxer Corp. v. R. Siskind & Co., Inc.*, 1999 WL 429549, at *8 (N.D. Cal. June 8, 1999). In determining the convenience of the parties and witnesses and the interests of justice, the Court ordinarily considers multiple factors, including four "private interest factors"—"(1) [the] plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence—and four "public interest factors"—(5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time to trial in each forum." *Lapachet v. Cal. Forensic Med. Grp., Inc.*, 2017 WL 3917209, at *2 (N.D. Cal. Sept. 7, 2017) (collecting cases).

However, when the parties have agreed to a valid forum-selection clause, the Supreme Court has "require[d] district courts to adjust their usual § 1404(a) analysis in three ways":

> First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. . . . Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum. . . . As a consequence, a district court may consider arguments about public-interest factors only. . . . Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations.

*Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex. (Atl. Marine)*, 571 U.S. 49, 63-64 (2013) (footnote omitted). Importantly, the Supreme Court has instructed: "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* at 62.

A forum-selection clause is prima facie valid and should not be set aside unless the party challenging enforcement can show it is unreasonable under the circumstances. *M/S Bremen v. Zapata Off-Shore Co. (Bremen)*, 407 U.S. 1, 10 (1972).

### III.    DISCUSSION

The Court need not decide the complex issues of personal jurisdiction in this case because the Court concludes that this action should be transferred pursuant to 28 U.S.C. § 1404(a). *See Southard v. Kipper Tool Co.*, 2023 WL 6959145, at *2 (N.D. Cal. Oct. 19, 2023) ("[A] district court may also transfer an action pursuant to 28 USC 1404(a), regardless of whether venue is proper or

the transferring court has personal jurisdiction of the defendant.").[2]

### A. Validity of the Forum Selection Clause

The Court must first determine whether the forum selection clauses in Plaintiff's Performer Agreements are valid because that issue informs the Court's analysis under 28 U.S.C. § 1404(a).

Each of Plaintiff's four Performer Agreements contains a forum-selection clause providing that disputes "may be heard only in a court of competent jurisdiction of Fulton County applying Georgia law." ECF No. 38-4 ¶ M; ECF No. 38-5 ¶ 24(b); ECF No. 38-6 ¶ P(2); ECF No. 38-7 ¶ M. Forum-selection clauses are presumptively valid and enforceable and "should control absent some strong public policy of the forum that is offended by the clause." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). As the party challenging enforcement, Plaintiff generally has the burden of demonstrating that the clause is "unreasonable and unjust, or that the clause [is] invalid for such reasons as fraud or overreaching." *M/S Bremen*, 407 U.S. at 15, 17.[3] "A contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *Id.* at 15.

The Court concludes that forum selection clauses in this case are valid. Plaintiff contends that the forum selection clauses are invalid under California Labor Code § 925(a), which provides in relevant part:

> An employer shall not require an employee who *primarily* resides and works in California, as a condition of employment, to agree to a provision that would . . .

---

[2]Although Defendants also move to dismiss or transfer for improper venue based on the forum selection clause in the Performer Agreements, the Court concludes that a forum selection clause is more appropriately enforced by a motion to transfer venue under 28 U.S.C. § 1404(a). *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56 (2013) ("Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b). As a result, a case filed in a district that falls within § 1391 may not be dismissed under § 1406(a) or Rule 12(b)(3).").

[3]Under a line of California Court of Appeal decisions, that burden is "reversed when the claims at issue are based on unwaivable rights created by California statutes." *Verdugo v. Alliantgroup, L.P.*, 237 Cal. App. 4th 141, 147 (2015), as modified on denial of reh'g (June 25, 2015); *see also Wimsatt v. Beverly Hills Weight etc. Internat., Inc.*, 32 Cal.App.4th 1511, 1520-24 (1995). The California Supreme Court recently declined to address the appropriateness of this burden shifting framework. *See EpicentRx, Inc. v. Superior Ct.*, 18 Cal. 5th 58, 84 n.7 (2025) We need not and do not consider the merits of *Wimsatt, America Online, Verdugo*, or similar cases involving potentially unwaivable substantive rights.). In any event, whether Plaintiff bears the burden or Defendants bear the burden in this case, the Court concludes that the forum selection clause is valid.

>   [r]equire the employee to adjudicate outside of California a claim arising in California.

Cal. Labor Code § 925(a) (emphasis added). "Section 925 expresses California's strong public policy against forum-selection clauses in employment agreements." *Bromlow v. D & M Carriers, LLC*, 438 F. Supp. 3d 1021, 1029 (N.D. Cal. 2020). "Notwithstanding California's strong public policy, district courts have held that section 925 does not control claims arising outside of California or claims by plaintiffs who do not primarily reside and work in California." *Id.* at 1030.

The Court concludes that section 925(a) is inapplicable to Plaintiff's claims because he either did not primarily reside in California at the time he entered the agreements or because he did not primarily work in California. Indeed, with the exception of the "Finding Joy" agreement, Plaintiff resided in Georgia at the time he signed the agreements containing the Georgia forum-selection clauses. *See Mechanix Wear, Inc. v. Performance Fabrics, Inc.*, 2017 WL 417193, at *7 (C.D. Cal. Jan. 31, 2017) (section 925(a) did not apply because plaintiffs were not living and working in California when they agreed to forum-selection clauses).[4] Moreover, although Plaintiff may have performed work in California (such as script study, memorization, practice, and preparation) after he moved to Santa Monica in 2023, the Court concludes that such work was incidental to Plaintiff's primary work location contemplated in the contracts -- Georgia. In other words, the Court concludes that Plaintiff did not primarily work in California, but rather primarily worked in Georgia, where filming took place. *Cf. Gountoumas v. Giaran, Inc.*, 2018 WL 6930761, at *11 n.5 (C.D. Cal. Nov. 21, 2018) ("[T]he parties agreed, or anticipated, that Plaintiff would primarily reside and work in Boston, Massachusetts by February 2017.").

Plaintiff also argues that the forum-selection clauses violate California's strong public policy against employment discrimination and harassment as embodied in FEHA. The Court disagrees. The public-policy exception to enforcement of forum-selection clauses is narrow and will only rarely displace the presumption that such clauses are valid and enforceable. *Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 914-16 (9th Cir. 2019). While California does have a strong public policy interest in protecting its residents from discrimination and harassment, this interest will not be contravened as long as Plaintiff has some legitimate remedy for his claims. *See, e.g., Flake v. Medline Indus.*, 882 F. Supp. 947, 950 (E.D. Cal. 1995) ("While California does have a strong public policy interest in protecting its residents from discrimination, this interest will not be contravened as long as [Plaintiff] has some legitimate remedy for his age discrimination claim."); *Rowen v. Soundview Commc'ns, Inc.*, 2015 WL 899294, at *4 (N.D. Cal. Mar. 2, 2015) ("[A]bsent a total foreclosure of remedy in the transferee forum, courts tether their policy analysis to the forum selection clause itself, finding the forum selection clause unreasonable only when it contravenes a policy specifically related to venue.")

Here, Plaintiff will be able to vindicate the same substantive rights in Georgia through federal Title VII employment claims. 42 U.S.C. § 2000e, *et seq.* and Georgia common law torts, including assault, battery, and intentional infliction of emotional distress (to the extent not time-barred under Georgia law). *See Davis v. Standifer*, 275 Ga. App. 769, 774-75 (Ga. Ct. App. 2005) (recognizing Georgia common law torts of assault and battery based on sexual assault)*; Coon v.*

---

[4]Notably, even with respect to the "Finding Joy" agreement, which Plaintiff signed while residing in California, Plaintiff entered the contract using his Georgia LLC (Derek Dixon LLC).

*Med. Ctr., Inc.,* 797 S.E.2d 828, 834 (Ga. 2017). Furthermore, to the extent a choice-of-law analysis mandates the application of California law, a Georgia court can easily apply California statutes. *Coon*, 797 S.E.2d at 834. "Granting the instant motion does not preclude the Plaintiff from raising the choice-of-law issue in the agreed-upon forum." *Bishop v. Abbott Lab'ys*, 2019 WL 11791913, at *3 (C.D. Cal. Feb. 19, 2019) (concluding that the plaintiff's arguments that FEHA provides greater protection and remedies to employees with physical disabilities "go to the enforceability of the choice-of-law provision rather than its forum-selection clause and generally are not relevant.").

Finally, to the extent Plaintiff suggests that some of his claims may be time-barred under Georgia law, the forum-selection clauses nonetheless remain enforceable. Plaintiff agreed to such clauses at the time of contract, and courts routinely enforce forum-selection clauses even when the result is application of a less favorable statute of limitations. *See, e.g., Aquaquim SA de CV v. Envtl. Fluids Inc.*, 667 F. Supp. 3d 1003, 1010 (D. Ariz. 2023).

    **B.**    **This Action Could Have Been Brought in the United States District Court for the Northern District of Georgia.**

Before turning to the relevant factors and determining whether transfer is appropriate, the Court must determine whether this action could "could have been brought" in the United States District Court for the Northern District of Georgia. *See* 28 U.S.C. § 1404(a). A claim could have been brought in a district where the court would have "personal jurisdiction over defendants, subject matter jurisdiction over the claim, and proper venue had the claim originally been brought in that court." *Ezieme v. Ward Int'l Trading, Inc.*, 2009 WL 2818394, at *3 (C.D. Cal. Aug. 31, 2009) (citing *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960)). In a separate order, the Court has already concluded that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. And, in light of the forum selection clause; Defendants' citizenship in the State of Georgia; Plaintiff's former residence in the State of Georgia; and given that the majority of events at issue took place in Northern District of Georgia, the Court easily concludes that this action could have been brought in the Northern District of Georgia.

Plaintiff does not dispute that this action could have been brought in the Northern District of Georgia, other than erroneously claiming that Defendants waived their right to request a transfer under 28 U.S.C. § 1404(a) by removing this action to this Court. Contrary to Plaintiff's argument, Defendants did not waive their right to seek a transfer pursuant to 28 U.S.C. § 1404(a) by removing the action to this Court. *See, e.g., Murphy v. Cont'l Tire N. Am., Inc.*, 2009 WL 2599611, at *1 (C.D. Cal. July 7, 2009) ("[A]fter removal the parties are still free to move to transfer the action to a different division '[f]or the convenience of the parties and the witnesses.'").

    **C.**    **The Public Interest Factors**

When there is a valid forum selection clause, as is the case here, the Court need only analyze the public-interest factors in its § 1404(a) analysis. *See Atl. Marine Const.*, 571 U.S. at 64. The public interest factors include the familiarity of each forum with the applicable law; the feasibility of consolidation with other claims; any local interest in the controversy; and the relative court congestion and time to trial in each forum. "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in

that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* at 62.

The Court concludes that this case is not an exceptional case and that the public interest factors weigh in favor of transfer to the Northern District of Georgia. Here, there is a contractual choice-of-law provision mandating Georgia law,[5] and Plaintiff resided in Georgia from 2019 until January 2023 during which most of the alleged sexual advances, physical contact, and harassment took place. Moreover, the Central District of California is among the busiest in the country. Plaintiff does not meaningfully dispute that the public-interest factors favor transfer in opposition, and effectively concedes the matter.

Accordingly, the Court concludes that the public interest factors favor transfer, and the Court concludes that transfer is appropriate pursuant to 28 U.S.C. § 1404(a).

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion is **GRANTED in part**. This action is hereby **TRANSFERRED** to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a).

IT IS SO ORDERED.

---

[5] Whether California or Georgia law ultimately applies to all of Plaintiff's claims will be a matter for the Northern District of Georgia to determine. And, in any event, even if California law applies to some of Plaintiff's claims, the Northern District of Georgia can easily "familiarize" itself with California law.